IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-1268 |
| | ) | Hon. William J. Hibbler |
| v. | ) | |
| | ) | (Coordinated for Pretrial Purposes |
| NOVARTIS CONSUMER HEALTH, INC., | ) | under IOE 13(e) with Case Nos. |
| | ) | 10-cv-1202, 10-cv-1267 and |
| Defendant. | ) | 10-cv-1308) |

**STIPULATION AND AGREED ORDER**

This Stipulation and Agreed Order is entered into this 23rd day of November 2010, by and among Thomas A. Simonian ("Simonian"), Public Patent Foundation, Inc. ("PPF") and Novartis Consumer Health, Inc. ("NCH");

WHEREAS, PPF filed an action against NCH that is pending in the United States District Court for the Southern District of New York (the "SDNY") styled *Public Patent Foundation, Inc. v. Novartis Consumer Health, Inc.*, Case No. 10-Civ-1553 (the "New York Litigation");

WHEREAS, Simonian filed the above-captioned action against NCH (the "Illinois Litigation");

WHEREAS, the complaints filed in the New York Litigation and the Illinois Litigation make the identical claim that NCH falsely marked its Prevacid® product with an expired patent in violation of Section 292 of the Patent Act and the *qui tam* plaintiffs in both actions seek a civil penalty as provided in Section 292 for the same alleged conduct;

WHEREAS, the parties agree that there can be only on *qui tam* proceeding by a single *qui tam* plaintiff for the same alleged conduct under Section 292 of the Patent Act;

WHEREAS, in the interests of judicial economy, counsel for the parties have engaged in good faith discussions in an effort to eliminate duplicative litigation consistent with their agreement set forth in the immediately preceding WHEREAS clause;

WHEREAS, the parties have reached an agreement and desire to memorialize the terms herein:

NOW, THEREFORE, it is hereby agreed as follows:

     1.     PPF will be granted to leave to file a Second Amended Complaint in the Illinois Litigation, whereby PPF will be substituted as plaintiff for Simonian. NCH agrees that, in connection therewith, it will not assert any defense or file any motion to dismiss that it could not have made with regard to the case filed in the SDNY. The parties agree that NCH's pending Motion to Dismiss the First Amended Complaint shall be fully applicable to PPF's Second Amended Complaint without the necessity of re-filing the Motion or the brief in support thereof.

     2.     As a result of the substitution pursuant to paragraph 1 above, Mr. Simonian will no longer be the named *qui tam* plaintiff in the Illinois Litigation. Mr. Simonian further covenants, acknowledges and agrees that he will not commence, initiate or cause to be filed any other litigation, claims or proceedings in any other forum against NCH that arises under Section 292 of the Patent Act for matters concerning any patent markings associated with the Prevacid® product.

     3.     Promptly upon filing the Second Amended Complaint, PPF shall cause the New York Litigation to be voluntarily dismissed without prejudice.

So ordered:

*/s/ James F. Holderman*
_____
Hon. James F. Holderman
Chief Judge